# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JASON KUTCHINSKI,
as parent and next friend to H.K.,
a minor,
    Plaintiff,

    v.

FREELAND COMMUNITY
SCHOOL DISTRICT,

MATTHEW A. CAIRY,
in his official and individual capacity,

    and

TRACI L. SMITH,
in her official and individual capacity,
    Defendants
_____ /

Case No.: 19-13810
Honorable _____

**COMPLAINT**

**JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Counsel for Plaintiff
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

## COMPLAINT FOR VIOLATIONS OF THE FIRST AMENDMENT

NOW COMES Plaintiff JASON KUTCHINSKI, as parent and next friend to H.K., a minor, by and through counsel, and complains as follows:

**INTRODUCTION**

1.      Government is not the arbiter of taste.

2.      Michigan public schools, like Defendant FREELAND COMMUNITY SCHOOL DISTRICT, and their officials, like Defendants MATTHEW A. CAIRY and TRACI L. SMITH, do not assume the role of parents in raising and disciplining (if appropriate) minors for speech occurring _outside_ the school setting merely because they dislike the content.

3.      This action seeks to vindicate rights protected by the First Amendment to the United States Constitution and is brought under 42 U.S.C. § 1983.

**PARTIES**

4.      Plaintiff JASON KUTCHINSKI is the parent and next friend to H.K., his minor son, both of whom are residents of the State of Michigan.

5.      Defendant FREELAND COMMUNITY SCHOOL DISTRICT is a Michigan school district formed under the laws of the State of Michigan, and is named as a person as provided by 42 U.S.C. § 1983.

6.      Defendant MATTHEW A. CAIRY is the superintendent of Freeland Community School District and is sued in both his official and individual capacities.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7.     Defendant TRACI L. SMITH is the high school principal at Freeland Community School District and is sued in both her official and individual capacities.

## JURISDICTION

8.     This is a civil action brought pursuant to 42 U.S.C. § 1983 for injunctive and declaratory relief together with monetary damages against Defendants for violations of H.K.'s federal rights under the United States Constitution.

9.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

10.     Venue is proper in this Court as Defendants conduct their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

11.     H.K. is a student at Freeland Community School District.

12.     Outside of school hours and while not on school grounds on Saturday, May 11, 2019, H.K., a then-14-year-old minor, created an Instagram account under a pseudo-name which loosely corresponds with the

3

name of H.K.'s biology teacher, Steven M. Schmidt, at the Freeland Community School District.

13.     Instagram is a photograph and video-sharing social networking service owned by Facebook, Inc. for which users upload photos and videos for private or public sharing and is extremely popular with teenagers and young adults.

14.     An Instagram user interacts with other users by following them, being followed by them, commenting, liking, and tagging shared content, and private messaging.

15.     H.K. used no school computers or equipment to create the Instagram account in question.

16.     H.K. worked from his own Xbox during non-school hours when creating the Instagram account.

17.     The Instagram profile created was clearly a parody and would be perceived as such by any reasonable person if such reasonable person had been provided access with the private username/password.

18.     H.K. created the profile for his own amusement and the amusement of his friends, and did not use (and did not intend to use) the account for any other purpose.

19.    As his initial post, H.K. posted a photograph of a gasoline pump nozzle having an embedded hypodermic needle containing a written comment below the photograph (the "Gas Pump Post") saying "Watch out guys, I am concerned for everyone's safety."

20.    A screenshot of Gas Pump Post is as follows—



21.    The Gas Pump Post was so nonsensical that no reasonable person could take its contents seriously, and no one did.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

22.     Nothing about the Gas Pump Post is a true threat, defamation, or any other exception to the First Amendment's prohibition on abridging speech to warrant governmental punishment.

23.     Thereafter, H.K. shared the login/password credentials for the Instagram account with two friends, K.L. and L.F.

24.     Later (and also outside school grounds or school hours) one or both later made other posts to the account without knowledge or permission of H.K.

25.     Certain posts by K.L. and L.F. have been described by and/or treated by Defendants as "inappropriate."

26.     H.K. did not post, author, or otherwise authorize, encourage, or approve of any of the comments or any of the posts found by Defendants to be "inappropriate."

27.     On information and belief, K.L. and L.F. admitted to Defendant TRACI L. SMITH they were the sole author(s) of the alleged posts containing the speech perceived by Defendants to be sexual and/or violent in nature.

28.     To be clear, however, the disputed postings made by K.L. and L.F. contained no "true threats" or obscenity, as those terms are defined in the law. Nothing on the Instagram account could reasonably be construed

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

as threatening or violent to any person and thusly is seemingly also protected First Amendment speech.

29.   H.K. never brought to school a printout of any of the posts/comments, nor did he ever download it on a school computer.

30.   Biology teacher Steven M. Schmidt somehow discovered the Instagram account less than 12 hours from its creation in the early morning hours (i.e. 6:00a.m.) of Sunday, May 12, 2019 and reported it to his school building's principal, Defendant TRACI L. SMITH, during off-school hours.

31.   It is unclear why he made the report to Defendant TRACI L. SMITH, his boss and a government official, rather than his own attorney or perhaps the police given that none of the alleged speech happened during school hours or during a school sponsored event.

32.   As a public official himself, biology teacher Steven M. Schmidt knew or should have known that expression may not be prohibited simply because society finds the idea offensive or disagreeable.

33.   On Monday, May 13, 2019, Defendant TRACI L. SMITH began an on-campus investigation regarding the off-campus speech despite there being no disruption of classes or otherwise at the school as a result of the posting of the Gas Pump Post, which was up for less than 30 hours.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

34.   On information and belief, Defendant TRACI L. SMITH's investigation was commenced without any actual or forecastable disruption occurring or about-to-occur by or among students on the campus of Freeland Community School District, including no class cancellations, disorder, violence, and/or classroom disturbance.

35.   The catalyst of Defendant TRACI L. SMITH's actions was *the content* of the postings (i.e. the "horrible things about our staff members"), and not any disruptive effects upon the student body or school operations.

36.   Defendant TRACI L. SMITH's action(s) also involved immediately contacting the Tittabawassee Township Police Department, the local law enforcement agency.

37.   Through contacts with corporate representatives of Instagram, the Tittabawassee Township Police Department obtained "IP addresses" from the social media platform which establishes that none of the posts deemed as inappropriate were posted or otherwise originated from H.K.

38.   In a written statement (for which H.K. and Plaintiff JASON KUTCHINKI dispute the truth of the assertions therein), Defendant TRACI L. SMITH asserted that after contacting local law enforcement officials, one or more of these law enforcement officers claimed to have started writing search warrants for all the homes of the students guessed to be involved but

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

sought Defendant TRACI L. SMITH's direct assistance, as an agent of the police, to get the students involved to "admit to their posts and share exactly what their involvement was so <u>we</u> would cause much less stress on <u>our</u> families."

39.    As such, Defendant TRACI L. SMITH agreed to be an agent of the Tittabawassee Township Police Department.

40.    At no time did Defendant TRACI L. SMITH disclose she had agreed to be an agent of the Tittabawassee Township Police Department.

41.    Defendant TRACI L. SMITH then contacted H.K.'s father, Plaintiff JASON KUTCHINSKI, who immediately went to the school for a meeting with Defendant TRACI L. SMITH and H.K.

42.    Once in the meeting began, Defendant TRACI L. SMITH, acting both on behalf of her public educational office and as a newly made agent of local law enforcement, failed to give H.K. or his father, Plaintiff JASON KUTCHINSKI, any *Miranda* warning.

43.    In a written statement made later (see **Exhibit C**), Defendant TRACI L. SMITH falsely asserted that 1.) H.K. was initially uncooperative and 2.) denied knowing anything about the "inappropriate" Instagram posts.

44.     Defendant TRACI L. SMITH intentionally made these intentional misrepresentations to seek and obtain improper punishment for the First Amendment protected speech by H.K.

45.     Plaintiff JASON KUTCHINSKI was present in the room at the time his son, H.K., explained to Defendant TRACI L. SMITH the circumstances with the Instagram account.

46.     H.K. was fully cooperative despite not being aware of his right to remain silent under the Fifth Amendment due to Defendant TRACI L. SMITH's failure to provide the required *Miranda* warning.

47.     On information and belief, Defendant TRACI L. SMITH was told by K.L. and L.F. *before* the interrogation with H.K. and his father that that none of the posts deemed as inappropriate were posted by or otherwise originated from H.K. See **Exhibit C**.

48.     In a cooperative and truthful fashion, H.K. explained that he created a non-public Instagram account using the parodic name "schmidtmsteven" and had posted the Gas Pump Post but none of the other posts deemed "inappropriate" by Defendants' contented-based viewpoint.

49.     According to a written statement made by Defendant TRACI L. SMITH, the posting of the Gas Pump Post by H.K. and the posting of the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

inappropriate postings by someone other than H.K. "matched the information [she] had learned in [her] investigation." **Exhibit C**.

50.    Despite not being within an exception to the protections of the First Amendment, Defendant TRACI L. SMITH intentionally and with willful disregard of well-established federal rights, sought to permanently expel H.K. for his protected First Amendment activities and took active steps to advocate and recommend H.K. be removed as a student at Freeland Community School District for constitutionally protected speech (i.e. the Gas Pump Post) and other speech (the "inappropriate posts") not undertaken or authorized by H.K.

51.    Upon the completion of the investigation by Defendant TRACI L. SMITH, Defendants  TRACI L. SMITH and MATTHEW A. CAIRY initiated expulsion charges against H.K. consisting of 1.) gross misconduct contrary to General Rules and Recommendations #10, 2.) willfully impersonating a staff member online contrary to General Rules and Recommendations #24, 3.) sharing log in information leading to threats and inappropriate photos and comments towards staff contrary to General Rules and Recommendations #9, 4.) dishonesty contrary to General Rules and Recommendations #5, and 5.) possible violations of General Rules and Recommendations #21, "sexual harassment," and "suspension and expulsion policy."

52.   Defendant MATTHEW A. CAIRY and Defendant TRACI L. SMITH sought expulsion for unconstitutional reasons.

53.   H.K., by and through his father, retained legal counsel who contacted Defendant MATTHEW A. CAIRY by telephone on May 22, 2019 to adjourn the extraordinarily-fast scheduled expulsion hearing to allow time for unfulfilled due process disclosures and for counsel to fully investigate.

54.   Defendant MATTHEW A. CAIRY agreed to the same.

55.   Also on May 22, 2019, counsel for H.K. followed up the telephone call by confirming the same by letter and also demanded all of the following—

- all rules, policies, and/or guidelines [H.K.] is accused of violating;
- all evidence proposed to utilized at the expulsion hearing;
- all evidence that can, may, or will exculpate [H.K.];
- any and all written, oral, or provided statements by any persons related to the matters involving [H.K.];
- a list of all to be called or potential witnesses (and any expected testimony)
- his transcripts (grades);
- disciplinary history;
- all written (or unwritten) processes, procedures, standards, and/or practices (including Board of Education policies of and regarding expulsion; and
- the investigative involvement of Matt Cairy to the matter in dispute.

56.   A fair and accurate copy of the May 22, 2019 letter is attached as **Exhibit D**.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

57.     Counsel for H.K. (and his father) filed a *Freedom of Information Act* request with the Tittabawassee Township Police Department for copies of the IP address records obtained from Instagram.

58.     The request was denied by the Tittabawassee Township Police Department due to an alleged ongoing investigation against H.K. iniitated by Defendant TRACI L. SMITH.

59.     On May 28, 2019, Defendant MATTHEW A. CAIRY sent a letter fully disclosing the actual charges in greater detail and produced certain evidence, school rules and policies, and student records sought by H.K.'s counsel, but was not able to produce the Instagram IP address records because only the Tittabawassee Township Police Department had the exculpatory records.

60.     On May 29, 2019, Plaintiff JASON KUTCHINSKI initiated a state court equitable legal action against the Township of Tittabawassee and two of its police officials to compel production of the IP address records as needed evidence in the expulsion hearing as there is no compulsory process (i.e. administrative subpoenas) available to compel production of exculpatory records which are known to be held and in the possession of third parties and refused to be provided solely for the expulsion hearing.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

61.   After meeting with the assigned judicial officer and setting a hearing date, the officers of the Tittabawassee Township Police Department agreed to produce the IP address records.

62.   On July 1, 2019, counsel for H.K. and his father wrote to Defendant MATTHEW A. CAIRY by letter informing him of the conclusion of the investigation, together with the conclusion of the lawsuit against the local police department for records, and was prepared for the hearing before Defendant MATTHEW A. CAIRY[1] including "presenting evidentiary corroboration that the Instagram posts *were not* made by" H.K.

63.   A fair and accurate copy of the July 1, 2019 letter is attached as **Exhibit F**.

64.   As part of that July 1, 2019 letter, counsel for H.K. and his father further informed Defendant MATTHEW A. CAIRY of the federal appellate *en banc* court decision from the US Court of Appeals for the Third Circuit which is nearly identical to the circumstances in this case. In *J.S. v Blue Mountain Sch Dist*, 650 F.3d 915 (3rd Cir. 2011), the Third Circuit, sitting *en banc*, reversed a school's determination that a suspension was an appropriate

---

[1] Defendant MATTHEW A. CAIRY was assigned as the expulsion hearing officer, pursuant to MCL 380.1311, and the relevant Board of Education policies.

punishment for a student who created a similar parodic social media account that made fun of her middle school principal.[2]

65.    The Third Circuit in *Blue Mountain* held that the parodic MySpace profile, while vulgar and offensive, did not cause the type of "substantial disruption" which would have justified even a ten-day suspension of the student due to the protections of the First Amendment.

66.    A copy of *Blue Mountain* decision was provided with the July 1, 2019 letter. **Exhibit F**.

67.    Despite the clear teaching of *Blue Mountain*, Defendant MATTHEW A. CAIRY and Defendant FREELAND COMMUNITY SCHOOL DISTRICT failed to 1.) halt the expulsion hearing against H.K. or 2.) withdraw the suspension from H.K.'s school record.

68.    Instead, Defendant MATTHEW A. CAIRY and Defendant FREELAND COMMUNITY SCHOOL DISTRICT push forward and convened a hearing on expulsion.

69.    Before the hearing commenced, counsel for H.K. and Defendant MATTHEW A. CAIRY met to determine if a formal hearing was required.

---

[2] On the same day, the Third Circuit also issued the *en banc* companion decision of *Layshock v. Hermitage School Dist.*, 650 F.3d 205 (3rd Cir. 2011). See also *Bell v. Itawamba County School Bd.*, 774 F.3d 280 (5th Cir. 2014).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

70.    A hearing was not required due to the limited 'no contest' of specific facts which solely consisted of the following—

     a.     H.K. created the Instagram account;

     b.     H.K. shared the password with his friends; and

     c.     H.K. posted the Gas Pump Post.

71.    No other facts were admitted by H.K. or otherwise found by Defendant MATTHEW A. CAIRY (as the hearing officer), including no finding that the "inappropriate" posts were posted by or were the legal responsibility of H.K.

72.    Based on the limited stipulated facts for purposes of that hearing, Defendant MATTHEW A. CAIRY and Defendant FREELAND COMMUNITY SCHOOL DISTRICT self-concluded that H.K. violated Rule 10 of the *General Rules and Recommendations* (gross misbehavior)[3] for the following actions on May 11-13, 2019:

     a.  posting of a fake Instagram account;

     b.  impersonating a teacher under an assumed name;

     c.  posting[4] to that account as a teacher; and

---

[3] Rule 10 is on Page 15 of **Exhibit A** which provides that "[s]tudents guilty of gross misbehavior, persistent disobedience or having habits detrimental to the school will be suspended or excluded from Freeland Schools."

[4] As noted above, the only post that served as the basis for this finding was the Gas Pump Post which is attached as **Exhibit B-2**.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

d. sharing the Instagram username and password with others.

73.   None of these actions occurred during school hours or on school grounds and Defendant MATTHEW A. CAIRY did not make such a finding or take the same in account despite being informed of the same by the July 1, 2019 letter.

74.   None of the actions found caused a substantial disruption to the school or to forecast a substantial disruption, and Defendant MATTHEW A. CAIRY did not make such a finding.

75.   All other disciplinary charges were dismissed.

76.   Based solely on those above-listed undisputed acts from May 11-13, 2019 during non-school hours, Defendant MATTHEW A. CAIRY and Defendant FREELAND COMMUNITY SCHOOL DISTRICT imposed a 10-day suspension punishment, instead of the expulsion sought by Defendant TRACI L. SMITH and/or Defendant MATTHEW A. CAIRY for H.K.'s exercise of speech protected under the First Amendment.

77.   H.K. has never been convicted of any crime and any possible charges related thereto have been disclaimed by the local prosecuting authority.

78.   During the development of these events, Defendant FREELAND COMMUNITY SCHOOL DISTRICT had a legal obligation to provide H.K.

with a public education and H.K.'s teachers would provide said education via work assignments to H.K. to allow him to maintain his grades and class work.

79.    For the summer of 2019, H.K. had to attend summer classes to make up the grade for the failed biology class as a result of Steven M. Schmidt's failure to provide homework likely as a result of his anger towards H.K. for exercising his First Amendment rights.

80.    Having to take these summer classes caused monetary losses to Plaintiff JASON KUTCHINSKI.

81.    This lawsuit now follows.

**COUNT I**
**FIRST AMENDMENT VIOLATIONS // 42 U.S.C. § 1983**

82.    The prior allegations are realleged word for word herein.

83.    The actions and resulting punishment of H.K. for his off-campus parody profile of Steven M. Schmidt by each Defendant violates H.K.'s rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, and 42 U.S.C. § 1983.

84.    Defendants' acts and resulting punishment of H.K. for creating an off-campus parody Instagram account was done in retaliation after exercising constitutionally protected activity.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

85.    Defendants' acts and resulting punishment of H.K. was a mere desire to avoid the discomfort and unpleasantness of an unpopular viewpoint posted by others.

86.    The provisions in the disciplinary policies under which H.K. was punished are unconstitutionally overbroad and vague, on their face and as applied to H.K., in that they, *inter alia*, fail to distinguish out-of-school speech from in-school expression and they are not limited to student speech that causes a material and substantial disruption to the school day.

87.    H.K.'s speech occurred completely off-campus and failed to cause substantial disruption to the school or to forecast substantial disruption to the school.

88.    Defendants had no reasonable apprehension of disturbance from students at Freeland Community School District.

89.    The vague and overbroad policies and related punishment unlawfully prohibit and chill speech that is protected by the First Amendment.

90.    H.K. has suffered injury and damages as a result of the Defendants' actions, decisions, and policies, including, but not limited to, educational expenses, attorney fees, mental anguish, and suffering, and injury to H.K.'s reputation.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

91.     Defendants' actions were designed to intentionally or wantonly cause harm to H.K. in the utter disregard of H.K.'s federally protected rights.

92.     Defendants (in their official capacity) and Defendant FREELAND COMMUNITY SCHOOL DISTRICT are liable under the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four methodologies provided by *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

## JURY DEMANDED

93.     A jury is demanded for all triable issues.

## RELIEF REQUESTED

94.     WHEREFORE, this Court is requested to—

a.     Declare that the Defendants' action(s) against H.K. for limited involvement with and posting on the parody Instagram account violates his rights under the First Amendment to the United States Constitution;

b.     Declare that Defendants' disciplinary action against H.K. for conduct that occurred at a student's home, off-campus, and/or outside of school-sponsored events exceeds the disciplinary authority granted Defendants by the First Amendment to the United States Constitution, as applied, and thus unconstitutional;

c.     Declare that the disciplinary policies that have been and may be used to punish speech which takes place at a student's home, off-campus, and/or outside of school-sponsored events are excessively vague and overbroad, and thereby violate the First Amendment to the United States Constitution;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

d.    Enjoin Defendants from any continuing punishment or sanction against H.K. on account of his constitutionally protected speech, including:

   i.    reinstating to H.K. all rights, privileges, and benefits to which he was and may be entitled as if no disciplinary punishment had occurred;

   ii.   removing the imposed punishment of holding H.K. to an extremely "limited level of tolerance" of any incidences of misuse of technology or social media now or into the future; and

   iii.  expunging from H.K.'s school records of all references to the incident in question;

e.    Enjoin Defendants from enforcing the school disciplinary policies against H.K. for expression that takes place outside of school or school-sponsored activities which fail to cause any substantial disruption to the school or to forecast a substantial disruption;

f.    Award all reasonable damages in an amount to be determined;

g.    Award costs and attorney fees pursuant to 42 U.S.C. § 1988; and

h. Grant such other relief as this Court deems just and appropriate.

Date: December 30, 2019                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Counsel for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

/s/ Matthew E. Gronda
MATTHEW E. GRONDA (P73693)
Counsel for Plaintiff
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com