UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON KUTCHINSKI, as parent and next   ) Case No.: 19-13810
Friend to H.K., a minor,   )
    )    HONORABLE
    Plaintiffs,   )   JUDITH E. LEVY
v   )
    )
FREELAND COMMUNITY SCHOOL   )
DISTRICT, MATTHEW A. CAIRY,   )
in his official and individual capacity and   )
TRACI L. SMITH, in her official and   )
individual capacity,   )
    )
    Defendants.   )
_____)

OUTSIDE LEGAL COUNSEL, PLC
PHILIP L. ELLISON (P 74117)
Attorney for Plaintiff
P.O. Box 107
Hemlock, Michigan  48626
989/642-0055
_____

MATTHEW E. GRONDA (P 73693)
Counsel for Plaintiff
P.O. Box 70
St. Charles, Michigan 48655
989/249-0350
_____

O'NEILL, WALLACE & DOYLE, P.C.
GREGORY W. MAIR (P 67465)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
989/790-0960
_____

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Plaintiffs are clearly wrong when it comes to the merits of their argument regarding the provisions of the *Family Educational Rights and Privacy Act* (FERPA). FERPA sets forth a number of exceptions to the general rule that educational entities receiving federal funding are not allowed to disclose personal identifiable information of students. Plaintiffs are claiming that an exception to that rule is applicable in the instant matter – namely that "[t]he disclosure is to comply with a judicial order or lawfully issued subpoena." 34 CFR § 99.31(a)(9)(i).

Frankly, no current Order signed by this Court has directed Defendants to produce the information sought by Plaintiffs in their discovery requests. While an allowable tool under the Federal Rules of Civil Procedure, discovery requests are not equivalent to a judicial order, or even a subpoena. Without an Order in place, Defendants risk violating FERPA by providing Answers to the requests posed by Plaintiffs.

Defendants attempted to remedy this issue by proposing a reasonable Protective Order, much like the Protective Order put in place last year for the Plaintiffs' last requests. For reasons unknown, Plaintiffs now take issue with a Protective Order and has chosen to bring this Motion. Defendants' proposed Protective Order is fair, reasonable, and would represent a simple solution. The Order would continue the parties' course of action on handling FERPA protected materials with no deviation from the status quo.

Respectfully Submitted,

Dated:  December 22, 2021          /s/GREGORY W. MAIR (P67465)
                                   Attorney for Defendant
                                   300 St. Andrews Road, Suite 302
                                   Saginaw, Michigan  48638
                                   gmair@owdpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

|  |  |
|---|---|
| JASON KUTCHINSKI, as parent and next Friend to H.K., a minor, | )Case No.: 19-13810 |
|  | ) |
|  | )      HONORABLE |
| Plaintiffs, | )      JUDITH E. LEVY |
| v | ) |
|  | ) |
| FREELAND COMMUNITY SCHOOL DISTRICT, MATTHEW A. CAIRY, in his official and individual capacity and TRACI L. SMITH, in her official and individual capacity, | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

OUTSIDE LEGAL COUNSEL, PLC
PHILIP L. ELLISON (P 74117)
Attorney for Plaintiff
P.O. Box 107
Hemlock, Michigan  48626
989/642-0055
_____

MATTHEW E. GRONDA (P 73693)
Counsel for Plaintiff
P.O. Box 70
St. Charles, Michigan 48655
989/249-0350
_____

O'NEILL, WALLACE & DOYLE, P.C.
GREGORY W. MAIR (P 67465)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
989/790-0960
_____

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO COMPEL**

## <u>TABLE OF CONTENTS</u>

<u>**PAGE**</u>

Concise Statements of Issues Presented………..…………………….   iii

Controlling / Appropriate Authority for Relief Sought..……………..   iv

Law and Argument ………..……………..…………………………    l

ii

## <u>CONCISE STATEMENTS OF ISSUES PRESENTED</u>

What does FERPA require for the disclosure of identifying personal information by a school District?

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

34 CFR § 99.31(a)(9)

## LAW AND ARGUMENT

Defendants fundamentally agree with the Plaintiffs' recitation of the procedural facts leading to the instant Motion to Compel, but disagree wholeheartedly with the Plaintiffs' interpretation of 34 CFR § 99.31(a)(9). The legislature has written the applicable statutes, and accordingly the executive branch has promulgated applicable regulations in a way that is specific, tailored, and narrowly construed to achieve the goals of FERPA.

Plaintiffs' interpretation of their discovery requests as a "Judicial Order" plays fast and loose with the text of the applicable code section.  34 CFR § 99.31(a) states: "An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure meets one or more of the following conditions: . . . . (9)(i). The disclosure is to comply with a judicial order or lawfully issued subpoena."

In this case, there is neither a judicial Order requiring compliance or a lawfully issued subpoena.  If Defendants were to voluntarily turn over personally identifiable information as requested, they would risk being in violation of FERPA, which can lead to a denial of federal funding, amongst other possible ramifications.

Clearly, the entry of an Order would resolve the issues that the parties are having at this impasse.  However, Defendants have presented a Protective Order,

1

much like the one that Plaintiffs had already agreed to earlier in this case.  This Protective Order would establish protections for student information and would also authorize the disclosures Plaintiffs seek. 34 CFR § 99.31(a)(9) actually contemplates the necessity of a Protective Order in subsection (ii), in which a required notice is to be given to parents of students so that they may seek protective action.  Clearly, a reasonable Protective Order is intended to be part of the mechanism of FERPA disclosures.

Plaintiffs' proposed Order is simply insufficient for protection of this confidential information.   Plaintiff has requested a significant amount of information relating to student home addresses, family contact information, etc. The commensurate need to safeguard this information is accordingly high. The Protective Order proposed by Defendants accomplishes this goal with absolutely no prejudice to Plaintiffs.

Respectfully Submitted,

Dated:  December 22, 2021                    /s/GREGORY W. MAIR (P67465)
                                             Attorney for Defendants
                                             300 St. Andrews Road, Suite 302
                                             Saginaw, Michigan  48638
                                             gregmair@owdpc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

| | |
|---|---|
| Philip Ellison | pellison@olcplc.com |
| Matthew E. Gronda | matthewgronda@gmail.com |
| Gregory W. Mair | gregmair@owdpc.com<br>dana@owdpc.com<br>jmconnolly@owdpc.com |
| Jacob G. Lyday | jlyday@owdpc.com<br>ssalcido@owdpc.com |

Respectfully submitted,

Date: December 22, 2021        s/GREGORY W. MAIR (P67465)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
gmair@owdpc.com

3