UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

|  |  |
|---|---|
| JASON KUTCHINSKI, as parent and Next Friend to H.K., a minor, | Case No.: 19-13810 |
| Plaintiffs, | HONORABLE JUDITH E. LEVY |
| v | |
| FREELAND COMMUNITY SCHOOL DISTRICT, MATTHEW A. CAIRY, in his official and individual capacity and TRACI L. SMITH, in her official and individual capacity, | |
| Defendants. | |

OUTSIDE LEGAL COUNSEL, PLC
PHILIP L. ELLISON (P 74117)
Attorney for Plaintiff
P.O. Box 107
Hemlock, Michigan 48626
989/642-0055

_____

MATTHEW E. GRONDA (P 73693)
Counsel for Plaintiff
P.O. Box 70
St. Charles, Michigan 48655
989/249-0350

_____

O'NEILL, WALLACE & DOYLE, P.C.
GREGORY W. MAIR (P 67465)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
989/790-0960

_____

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(A)

### ORAL ARGUMENT REQUESTED

NOW COME the above-named Defendants, FREELAND COMMUNITY SCHOOL DISTRICT, MATTHEW A. CAIRY, and TRACI L. SMITH, by and through their Attorney, GREGORY W. MAIR, and for their Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(A), state as follows:

1.      This litigation arises out of Plaintiffs' Complaint for § 1983 violations allegedly arising out of Plaintiff's minor's suspension from Freeland High School following the creation of a fake Instagram profile designed to mislead viewers into believing the content was coming from a teacher at the school, which featured violent and sexual content.

2.      Plaintiff's minor was a 14-year-old student at Freeland High School when he created the Instagram profile.

3.      The profile was designed to mimic Steven Schmidt, a teacher at the school, and contained his name, as well as identifying information including "biology teacher at Freeland High School" and information about his wife and kids.

4.      That the profile was created by Plaintiff's minor, who then gave access to two (2) other students for the purposes of posting strange, violent, and sexually explicit information, including threats to other faculty and students at the

school.

5.      That an investigation was conducted into the profile and subsequent posts, and Plaintiff's minor was suspended accordingly in conjunction with school rules and policy.

6.      That the school rule which Plaintiff's minor is accused of violating contains specific restrictions and is not vague or overbroad.

7.      That, in response to these posts, classroom operations and learning at Freeland High School were materially disrupted, as multiple teachers were required to continually redirect students away from discussing the profile, the inappropriate content of same, and the actions of the students who were responsible.

8.      This disruption was especially significant in the classrooms of Steven Schmidt and Chelsea Howson, who were forced to continually deny any participation in the account and its postings, as well as deal with student inquiries into their feelings on the matter.

9.      That the Defendants were empowered to regulate this behavior and impose punishment on Plaintiff's minor because of this material disruption of classwork.

10.     That there is no genuine dispute as to an issue of material fact and Defendants are, therefore, entitled to Summary Judgment as a matter of law.

11.     That pursuant to Local Rule 7.1(a)(2), Defendants hereby certify that counsel for these Defendants sought concurrence by way of a conference with the Plaintiffs' attorneys and that concurrence has been denied.

12.     That the instant Motion is further supported by the accompanying Brief in Support.

WHEREFORE, Defendants respectfully request that this Honorable Court GRANT their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a) and enter an Order dismissing Plaintiffs' Complaint with prejudice and in its entirety.

Respectfully Submitted,


Dated: <u>April 12, 2022</u>          <u>/s/GREGORY W. MAIR (P67465)</u>
                                        Attorney for Defendants
                                        300 St. Andrews Road, Suite 302
                                        Saginaw, Michigan  48638
                                        gmair@owdpc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

|  |  |
|---|---|
| JASON KUTCHINSKI, as parent and next Friend to H.K., a minor, | )Case No.: 19-13810 |
| | ) |
| Plaintiffs, | ) HONORABLE |
| v | ) JUDITH E. LEVY |
| | ) |
| FREELAND COMMUNITY SCHOOL DISTRICT, MATTHEW A. CAIRY, in his official and individual capacity and TRACI L. SMITH, in her official and individual capacity, | ) |
| Defendants. | ) |

OUTSIDE LEGAL COUNSEL, PLC
PHILIP L. ELLISON (P 74117)
Attorney for Plaintiff
P.O. Box 107
Hemlock, Michigan  48626
989/642-0055

_____

MATTHEW E. GRONDA (P 73693)
Counsel for Plaintiff
P.O. Box 70
St. Charles, Michigan 48655
989/249-0350

_____

O'NEILL, WALLACE & DOYLE, P.C.
GREGORY W. MAIR (P 67465)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
989/790-0960

_____

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(A)

### ORAL ARGUMENT REQUESTED

PREPARED BY:
GREGORY W. MAIR (P67465)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, MI  48638
(989) 790-0960
gmair@owdpc.com

# TABLE OF CONTENTS

**PAGE**

Index of Authorities ……………………….………………………………………. iv

Questions Presented …………………….……………….…...……………..………v

Statement of Controlling or Most Appropriate Authority for the
    Relief Requested …………………….…………….….…………………..……vi

Introduction …………………………….……….…………...……….….……..1

Statement of Facts…………………………………..……......……………….1

Standard of Review…….…………………………………...….……………..5

Law and Argument…….…………………………………...…...…………….6

    I.     DEFENDANTS DID NOT VIOLATE H.K.'S FIRST
            AMENDMENT RIGHTS BECAUSE THEY HAD AN
            INTEREST IN REGULATING SAME AND THE POWER
            TO JUSTLY DO SO……………………….…...…….…...…………….6

    II.    DEFENDANTS' RULES ARE NOT VAGUE OR OVERBROAD
            AND THUS HAVE NOT DEPRIVED PLAINTIFF'S MINOR OF
            DUE PROCESS RIGHTS…………………………………………….12

Conclusion ……..……………………………………………...…..…..…………….14

Certificate of Service…………………………………………………………….15

# INDEX OF AUTHORITIES

## CASES                                                                  PAGES

*Anderson v Liberty Lobby, Inc.*
    477 U.S. 242, 252 (1986)………………..……………………………….6
*Bethel School Dist. No. 403 v. Fraser*
    478 U.S. 675, 684 (1986)……………………….……………….vi, 7
*Brown v. Entertainment Merchants Assn.*
    564 U.S. 786, 794 (2011)……………………….………….…………vi, 7
*Celotex Corp. v Catrett*
    477 U.S. 317 (1986)……………………………..…….………………5, 6
*Hartsel v. Keys*
    87 F.3d 795, 802 (6th Cir. 1996)……………………….…..……………..6
*Hazelwood School Dist. v. Kuhlmeier*
    484 U.S. 260, 266 (1988) ………………………….….……………vi, 7
*J.S. ex rel. Snyder v. Blue Mountain Sch. Dist.*
    650 F.3d 915, 929 (3d Cir. 2011)………………………...………………..11
*Mahanoy Area Sch. Dist. v. B. L. by & through Levy*
    141 S. Ct. 2038, 2045 (2021)…………………….…………...…..vii, 8, 9, 10
*Maki v. Laakko*
    88 F.3d 361, 364 (6th Cir. 1996)……………….…..…….……………….6
*Mitchell v. Toledo Hosp.*
    964 F.2d 577, 585 (6th Cir. 1992)…………….….….……………………6
*Tinker* v. *Des Moines Independent Community School Dist.*
    393 U.S. 502, 506 (1969)………………………….….………vi, 7, 8, 9, 10
*Williams v. Ford Motor Co.*
    187 F.3d 533, 544 (6th Cir. 1999)……………….….………….……………6

## COURT RULES AND STATUTES

42 U.S.C. § 1983…………………………………………………………………1

47 U.S.C. § 230…………………………………………..…………………………..10

## QUESTIONS PRESENTED

I.    IS A SCHOOL DISTRICT ABLE TO REGULATE OFF-CAMPUS SPEECH AND CONDUCT WHEN THE SPEECH OR CONDUCT CAUSED A SUBSTANTIAL AND MATERIAL DISRUPTION TO THE OPERATIONS OF THE SCHOOL, CONTAINED HARASSMENT TARGETING PARTICULAR INDIVIDUALS AND THREATS AIMED AT TEACHERS OR OTHER STUDENTS?

        Defendants would Answer, "Yes."
        Plaintiff would Answer, "No."

II.    IS A RULE UNCONSTITUTIONALLY VAGUE OR OVERBROAD WHEN IT REFERENCES MISBEHAVIOR IN THE CONTEXT OF SCHOOL HANDBOOK RULES AND REGULATIONS?

        Defendants would Answer, "No."
        Plaintiff would Answer, "Yes."

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY
## FOR THE RELIEF REQUESTED

Students do not "shed their constitutional rights to freedom of speech or expression," even "at the school house gate." *Tinker* v. *Des Moines Independent Community School Dist.*, 393 U.S. 502, 506 (1969); see also *Brown v. Entertainment Merchants Assn.*, 564 U.S. 786, 794 (2011). "But we have also made clear that courts must apply the First Amendment 'in light of the special characteristics of the school environment.'" *Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260, 266 (1988) (internal quotation mark omitted). "One such characteristic, which we have stressed, is the fact that schools at times stand in loco parentis, i.e., in the place of parents." See *Bethel School Dist. No. 403 v. Fraser*, 478 U.S. 675, 684 (1986). "Conduct by the student, in class or out of it, which for any reason -- whether it stems from time, place, or type of behavior -- materially disrupts classwork or involves substantial disorder or invasion of the rights of others is, of course, not immunized by the constitutional guarantee of freedom of speech." *Tinker*, 393 U.S. at 513. "Unlike the Third Circuit, we do not believe the special characteristics that give schools additional license to regulate student speech always disappear when a school regulates speech that takes place off campus. The school's regulatory interests remain significant in some off-campus circumstances. The parties' briefs, and those of *amici*, list several types of off-campus behavior that may call for school regulation. These include serious or severe

bullying or harassment targeting particular individuals; threats aimed at teachers or other students . . ." *Mahanoy Area Sch. Dist. v. B. L. by & through Levy*, 141 S. Ct. 2038, 2045 (2021).

## INTRODUCTION

Summary Judgment must be granted in favor of Defendants because there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law. Plaintiffs' claims for § 1983 violations of Plaintiff's minor's (hereinafter referred to as "H.K.") First Amendment and due process rights are without merit. To the extent that H.K. exercised his editorial control of the Instagram account at issue on school grounds during active school hours, Freeland Community School District was empowered by the law to regulate that speech to the extent that it did not comport with school rules and regulations. Furthermore, Freeland Community School District and its officials were justly empowered to regulate H.K.'s off-campus speech and conduct on the basis that it caused a substantial and material disruption to the operations of Freeland High School. The law on this is clear and recent developments in caselaw have done nothing but affirm the interest of the school district in regulating speech in situations like the instant case. Furthermore, the provisions of the school's rules used as a basis to punish H.K. were not overbroad and vague and he received adequate due process in the proceedings conducted by the District.

## STATEMENT OF FACTS

Plaintiff's minor, H.K., was a 14-year-old student at Freeland High School in May of 2019. *See* Plaintiff's Amended Complaint – Exhibit 1 at pg. 4. Freeland

High School is part of the larger Freeland Community School District led by Defendant, Matthew Cairy, as Superintendent and Defendant, Traci Smith, as Principal. *See* Deposition Transcript of Traci Smith – Exhibit 2 at pg. 5-8. Amongst the educators at that school was Mr. Steven Schmidt, a biology teacher. *See* Exhibit 2 at pg. 8.

Early in the morning of May 12, 2019, Principal Smith received word from Mr. Schmidt that he had discovered an Instagram account which was impersonating him and there were a series of strange posts, including a number of posts containing violent and sexually harassing content regarding current and former teachers and students of Freeland High School. These posts included pictures of Mr. Schmidt and others, accompanied by texts alleging: he had sex with another educator at a Petsmart; that he could beat up a student; "curb-stomp" his cat; that he wished to strangle and run over another educator; and there were a number of sexual references to Mr. Schmidt's wife. *See* Exhibit 2 at pg. 13, 25, 26-30; *See* Screenshots of Posts – Exhibit 3. Mr. Schmidt confirmed that he had nothing to do with the account and that none of the posts contained true information. *See* Exhibit 2 at pg. 25.

Upon going into school the next morning, Principal Smith launched an investigation into the Instagram account, which was still active. *See* Exhibit 2 at pg. 34. She began by contacting a local law enforcement officer given the violent

nature of the posts. *See* Exhibit 2 at pg. 38-40. At that time, she began receiving calls and other communication from teachers indicating that students were disrupting class to discuss the content of these posts. From there, she conducted an investigation into the posts as a violation of the school's rules. *See* Exhibit 2 at pg. 34. Principal Smith pulled several students from classrooms to discuss the posts when she identified them discussing the posts in class. *See* Exhibit 2 at pg. 45. Freeland High School has a policy forbidding cell phone usage in class. *See* Exhibit 2 at pg. 43-44. The disruption, related to the account and its posts, was so substantial that educators were unable to enforce this rule, and students had phones pulled out discussing and viewing the account. *See* Exhibit 2 at pg. 43-44.

Principal Smith finally identified a student, L.E., who was able to identify the students involved with the account. *See* Exhibit 2 at pg. 47. He named H.K., as well as two other boys, K.L. and L.F. *See* Exhibit 2 at pg. 47. She met with all three (3) boys in her office. *See* Exhibit 2 at pg. 59. These discussions proved fruitful, as it was eventually established that H.K. had created the account and shared the password with the two (2) other boys so they could all have access to create, edit and delete posts as they saw fit. *See* Exhibit 2 at pg. 60-65. The three (3) students provided general identifications of what posts were created by what student, but the identifications did not cleanly overlap. *See* Exhibit 2 at pg. 60-65. H.K. also admitted that he took part in authorizing people to "follow" the account

even after seeing the posts from his friends. *See* Deposition Transcript of H.K. – Exhibit 4 at pg. 10-14. He testified that he retained the ability to delete the account at all times and, in fact, did so during school hours on May 13, 2019. *See* Exhibit 4 at pg. 10.

Upon conclusion of the investigation, all three (3) students were placed on a five (5) day suspension pending further review. H.K. received a hearing where he was eventually assessed a ten (10) day suspension for his conduct. Ultimately, he was suspended for a number of different rules and violations, including Rule No. 5, 10, 21, and 24 of the District's Handbook, as well as the school's harassment policy. *See* Exhibit 2 at pg. 66-80; *See* Handbook-Exhibit 5.

The impact caused by the account and its posts disrupted the school operations in a number of different classrooms of the school. Specifically, classrooms led by Mr. Schmidt, Ms. Howson, and Ms. Wheatley were affected. *See* Deposition Transcript of Steven Schmidt – Exhibit 6; Deposition Transcript of Chelsea Howson – Exhibit 7; Deposition Transcript of Carrie Wheatley – Exhibit 8. The account created substantial unauthorized discussions between students, including students using phones in class, students disrupting the flow of lesson plans to ask questions of the educators about the content of the posts, and students confronting and engaging H.K., K.L., and L.F. *See* Exhibit 6 at pg. 30-55, 64; Exhibit 7 at pg. 16, 19-23. One such educator, Ms. Howson, was driven to tears in

front of her students because of the classroom disruption, as well as the sexually harassing content of the account targeting her. *See* Exhibit 7 at pg. 54-55. The reaction to the account objectively disrupted the lesson plans for that week as set out by the educators and caused great personal embarrassment, anxiety, and frustration to the educators. *See* Exhibit 6 at pg. 25, 34-38, 64; Exhibit 7 at pg. 23-25, 33-35, 42-46; Exhibit 8 at pg. 11. Several of these educators were approached by students asking about the posts and felt compelled to report the same to Principal Smith. *See* Exhibit 6 at pg. 15; Exhibit 7 at pg. 30; Exhibit 8 at pg. 17. These disruptions continued to occur after the educators instructed the students to remain on task. *See* Exhibit 7 at pg. 23. At least one educator reported feeling anxiety about the situation to the present date. *See* Exhibit 7 at pg. 46.

## STANDARD OF REVIEW

The Supreme Court set forth the standard of review for Courts to employ when analyzing a Motion for Summary Judgment. *Celotex Corp. v Catrett*, 477 U.S. 317 (1986). The Court stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id*. at 322.  "To preclude summary judgment, the nonmoving party must present evidence, beyond his pleadings and his own conclusory statements, to establish the existence of specific triable facts." *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir. 1996). *See also Williams v. Ford Motor Co.*, 187 F.3d 533, 544 (6th Cir. 1999) (plaintiff cannot rely on conclusory affidavits to defeat summary judgment); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992) ("rumors, conclusory allegations and subjective beliefs" are wholly insufficient evidence to sustain plaintiff's burden"); *Hartsel v. Keys*, 87 F.3d 795, 802 (6th Cir. 1996) (plaintiff could not defeat summary judgment with "speculation and hunches").  A "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  If the non-moving party is unable to meet his or her burden of proof, summary judgment is proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

## LAW AND ARGUMENT

## I.   DEFENDANTS DID NOT VIOLATE H.K.'S FIRST AMENDMENT RIGHTS BECAUSE THEY HAD AN INTEREST IN REGULATING SAME AND THE POWER TO JUSTLY DO SO.

Defendants validly exercised their right as a school District to regulate H.K.'s off-campus conduct and speech, as the same caused a substantial and material disruption to the school day. The account at issue contained conduct

which targeted specific individuals and contained harassing messages, including specific and detailed threats.

Students do not "shed their constitutional rights to freedom of speech or expression," even "at the school house gate." *Tinker* v. *Des Moines Independent Community School Dist.*, 393 U.S. 502, 506 (1969); *see* also *Brown v. Entertainment Merchants Assn.*, 564 U.S. 786, 794 (2011). "But we have also made clear that courts must apply the First Amendment 'in light of the special characteristics of the school environment.'" *Hazelwood School Dist. v. Kuhlmeier*, 484 U.S. 260, 266 (1988) "One such characteristic, which we have stressed, is the fact that schools, at times, stand in loco parentis, i.e., in the place of parents." *See Bethel School Dist. No. 403 v. Fraser*, 478 U.S. 675, 684 (1986). "Conduct by the student, in class or out of it, which for any reason -- whether it stems from time, place, or type of behavior -- materially disrupts classwork or involves substantial disorder or invasion of the rights of others is, of course, not immunized by the constitutional guarantee of freedom of speech." *Tinker*, 393 U.S. at 513. "Unlike the Third Circuit, we do not believe the special characteristics that give schools additional license to regulate student speech always disappear when a school regulates speech that takes place off campus. The school's regulatory interests remain significant in some off-campus circumstances. The parties' briefs, and those of *amici*, list several types of off-campus behavior that may call for school

regulation. These include serious or severe bullying or **harassment targeting particular individuals; threats aimed at teachers or other students** . . ." *Mahanoy Area Sch. Dist. v. B. L. by & through Levy*, 141 S. Ct. 2038, 2045 (2021) (emphasis added).

The standard in *Tinker* has held as the rule for school regulation of speech for decades. The Supreme Court recently decided *Mahanoy Area Sch. Dist. v. B. L.,* a case which threatened to modify that standard and draw new battlelines in a settled area of law with a bright line rule. The Supreme Court elected to retain the *Tinker* standard, opting to elaborate on the facts and circumstances of *Mahanoy Area Sch. Dist. v. B.L.* instead. In doing so, they shaped and sculpted the *Tinker* standard even further. The *Mahanoy Area Sch. Dist. v. B.L.* Court set out specific instances where a school district would retain an interest in regulating off campus speech, therefore, triggering a *Tinker* test application.

The *Mahanoy Area Sch. Dist. v. B. L.* Court ultimately held that the district did not have enough of a significant interest in the speech to justify regulation, and that the speech made by the plaintiff did not rise to the level of a substantial disruption. The Court found that plaintiff's message – "Fuck school fuck softball fuck cheer fuck everything;" did not implicate one of the "special interests" laid out by the Court, and that the 5-10 minutes of discussion in class, and the negative opinions of the plaintiff's teammates did not constitute a significant disruption.

8

The instant case would certainly not survive the scrutiny of the *Mahanoy Area Sch. Dist. v. B.L.* Court. Freeland Community School District certainly has a special interest in regulating speech that constituted targeted and threatening harassment of full-time and part-time faculty, explicit threats made toward a faculty member, and sexual harassment of educators and their families. The posts from the account at issue are exactly the kind of speech the *Mahanoy Area Sch. Dist. v. B.L* Court contemplated when they specifically carved out the exemptions in the majority opinion. Certainly, H.K. created the account for the purpose of hosting the threatening and harassing conduct and enlisted help to do so. Even if H.K. himself did not author the exact language of all the posts, he refrained from deleting the posts, controlled access to the posts, and actively laughed with his accomplices regarding the posts, effectively suborning and granting tacit approval of the content, to the point of ownership and editorial control. Furthermore, he ultimately exercised that speech by deleting the profile during school hours.  By suspending H.K. for this speech and conduct, the Freeland Community School District was effectively exercising their interest in regulating threatening, harassing, and targeted speech. By exercising that ownership and editorial control while on campus, he spurred further discussion and disruption. This would also be considered speech that occurred on campus, rendering an analysis under *Tinker* and *Mahanoy* unnecessary. Regardless, even if the Court considers only his off-

campus speech, this suspension was well within the valid power of the District pursuant to the law set forth in *Tinker* and *Mahanoy*.

Plaintiff's anticipated reliance on § 230 of the Communications Decency Act, 47 U.S.C. § 230, is certainly without merit or applicability. That section provides a defense to **civil liability** for providers of "interactive computer services" against suits claiming that those providers are the publisher or speaker of content hosted on the service, as well as for actions taken to restrict access to "obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable" material. First and foremost, Plaintiff and his minor are not being sued civilly for speech or conduct. Beyond that, Plaintiff certainly does not qualify as a provider of an "interactive computer service" merely because he had an Instagram account that he shared access to. To apply, § 230 would be a factually baseless stretch of the statute which no Court has ever supported.

Beyond the valid interest of the District in regulating the speech, they also had the prerequisite disruption necessary to justify an imposition of that interest. Indeed, the disruption far exceeded the disruption seen in *Mahanoy Area Sch. Dist. v. B.L.* The disruptive impacts of H.K.'s speech had a widespread impact upon the state of operations at Freeland High School. The impact could be seen in the lunchroom, as well as the classrooms of Mr. Schmidt, Ms. Howson, and Ms. Wheatley. The students at Freeland High School discussed the account relentlessly,

causing the educators to field repeated questions, which eliminated their ability to assist students in need of help with schoolwork. This disruption was particularly injurious to Ms. Howson and Mr. Schmidt, who had been featured in some of the posts. The stress of the disruption forced Ms. Howson to tears in front of her students, at least one of whom went to another teacher to express their concern for Ms. Howson and the situation. This disruption lasted well into the rest of the week after the account was deleted.

Plaintiff has cited a Third Circuit case dealing with a similar topic of fake social media accounts. In that case, the Court found that "general rumblings, a few minutes of talking in class, and some officials rearranging their schedules" did not constitute a substantial disruption. *See J.S. ex rel. Snyder v. Blue Mountain Sch. Dist.*, 650 F.3d 915, 929 (3d Cir. 2011). Once again, the disruption in the instant case far exceeds the alleged disruption in cases like *J.S. ex rel. Snyder* and *Mahanoy*. Freeland educators have testified in their own right that their ability to teach adequately was compromised by the effect of the account on the student body. Certainly, a material disruption of classwork is most adequately measured by those doing the teaching.

Freeland Community School District, Matthew Cairy, and Traci Smith had the requisite special interest, and the necessary material disruption to justify the punishment assessed against H.K. for his role in the Instagram account. No

11

violation of H.K.'s First Amendment rights occurred, and the instant claim must be dismissed with prejudice.

II. **DEFENDANTS' RULES ARE NOT VAGUE OR OVERBROAD AND THUS HAVE NOT DEPRIVED PLAINTIFF'S MINOR OF DUE PROCESS RIGHTS.**

Plaintiff has asked this Court to declare Rule #10 of the Freeland High School Handbook unconstitutionally vague or overbroad on the basis that it does not adequately specify what conduct is forbidden and, therefore, H.K. was deprived of due process during his suspension process. This theory ignores the fact that H.K. was punished under multiple other rule violations, as well as Rule #10 and is, therefore, a moot issue. It is further without merit when applied to the law.

The gist of Plaintiff's argument is that the phrase "gross misbehavior" is not sufficient to put the average student on notice of the prohibited conduct under the rule. The full text of the rule is "Students guilty of gross misbehavior, persistent disobedience or having habits detrimental to the school will be suspended or excluded from Freeland Schools." This rule contains three (3) separate clauses which serve to outline the conduct prohibited by the Rule.

"Gross misbehavior" is by its nature made up of two (2) separate elements, that being "gross" and "misbehavior." Neither are vague, however, "gross" may be deemed subjective and placed in the discretionary hands of the administrators responsible for punishing such conduct. "Misbehavior" is essentially the word

12

which Plaintiff's complaint of vagueness and overbreadth relies upon.

"Misbehavior" is simply not vague when you consider the placement of the word in the sentence, and the placement of that sentence amongst a list of rules and regulations. Cambridge English Dictionary defines the word as "bad behavior, or behavior that breaks a rule."[1] This word, in the context of a school handbook, is clearly meant to mean a violation of any of the rules contained therein. When coupled with the word "gross," it is easy to see that this particular rule is meant to serve as notice to students that egregious violations of school rules will be subject to suspension or expulsion. The use of the rule in the instant case is consistent with this interpretation. In the letter sent to H.K. following his suspension, the rationale for the suspension was stated by Matthew Cairy as "gross misbehavior for his posting a fake Instagram account impersonating a teacher (under an assumed name), posting to that account as the teacher, and sharing the username and password with other students." *See* suspension letter – Exhibit 9. The rationale clearly lists the misbehavior as the creation and proliferation of the fake account, which is a violation of Rule #24. The "gross misbehavior" reference indicates that the conduct had reached the standard of misbehavior that would allow for suspension or expulsion under the school's rules.

---

[1] https://dictionary.cambridge.org/us/dictionary/english/misbehaviour

Plaintiff's misunderstanding of the applicable rule does not mean that the rule itself is vague. In the setting of a public school district with a written handbook, the conduct involved in misbehavior is clear. Schools have a special interest in promoting discipline and decorum, and the rules contained within a school handbook must be read together, in tandem with other rules and established school policies. The context establishes critical nuance which prevents the rule from being vague, or overbroad. We, therefore, would request that Summary Judgment be granted to Defendants on Plaintiffs' Count II, and the Rules and Recommendations of Freeland High School's Handbook be deemed constitutional.

## CONCLUSION

WHEREFORE, Defendants, FREELAND COMMUNITY SCHOOL DISTRICT, MATTHEW A. CAIRY, and TRACI L. SMITH, respectfully request that this Honorable Court GRANT their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a) and enter an Order dismissing Plaintiff's Complaint with prejudice and in its entirety.

Respectfully Submitted,

Dated: April 12, 2022 /s/GREGORY W. MAIR (P67465)
Attorney for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

Philip Ellison                                    pellison@olcplc.com
                                                  pellison@ecf.courtdrive.com

Matthew E. Gronda                                 matt@matthewgronda.com
                                                  meg@ecf.courtdrive.com

Gregory W. Mair                                   gregmair@owdpc.com
                                                  dana@owdpc.com
                                                  jmconnolly@owdpc.com
                                                  sheryl@owdpc.com

Jacob G. Lyday                                    jlyday@owdpc.com
                                                  kkauffman@owdpc.com
                                                  ssalcido@owdpc.com


                                                  Respectfully submitted,


Date:  April 12, 2022                             s/GREGORY W. MAIR (P67465)
                                                  Attorney for Defendants
                                                  300 St. Andrews Road, Suite 302
                                                  Saginaw, Michigan  48638
                                                  gregmair@owdpc.com