**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

JASON KUTCHINSKI,
as parent and next friend to HK,
a minor,

    Plaintiff,

v.

FREELAND COMMUNITY
SCHOOL DISTRICT,

MATTHEW A. CAIRY,
in his official and individual capacity,

    and

TRACI L. SMITH,
in her official and individual capacity,
    Defendants
_____/

Case No.: 19-13810
Honorable Sean Cox

**REPLY**

| | |
|---|---|
| OUTSIDE LEGAL COUNSEL PLC<br>PHILIP L. ELLISON (P74117)<br>Attorney for Plaintiff<br>PO Box 107<br>Hemlock, MI 48626<br>(989) 642-0055<br>pellison@olcplc.com | O'NEILL, WALLACE & DOYLE, PC<br>GREGORY W. MAIR (P67465)<br>Attorney for Defendants<br>300 St. Andrews Road, Suite 302<br>Saginaw, Michigan 48638<br>(989) 790-0960<br>gregmair@owdpc.com |
| MATTHEW E. GRONDA (P73693)<br>Counsel for Plaintiff<br>PO Box 70<br>St. Charles, MI 48655<br>(989) 249-0350<br>matt@matthewgronda.com | |
OUTSIDE LEGAL COUNSEL PLC · www.olcplc.com

1

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT II

Realizing now that Rule 10 is unconstitutionally vague, Defendants try to spin the case by asserting that HK was actually punished under another rule and not Rule #10. That is nonsense and contrary to the record. HK received a ten-day suspension for "*gross misbehavior* for his posting a fake Instagram account impersonating a teacher (under an assumed name), posting to that account as the teacher, and sharing the username and password with other students." **ECF No. 12-7, PageID.240**. Rule 10 provides "[s]tudents guilty of gross misbehavior, persistent disobedience or having habits detrimental to the school will be suspended or excluded from Freeland Schools." **ECF No. 12-1, PageID.187.** Defendants suggest that what was really meant was the HK undertook a Rule 24 violation which prohibits "forgery." **ECF No. 12-1, PageID.188.** Nowhere was HK found "guilty" of "forgery;" he was found guilty of "gross misbehavior." **See ECF No. 12-7, PageID.240**. This hoop-jumping is precisely why the Constitution prohibits vague rules and laws. Even adopting Defendants' framing, students would still have to guess how the language of Rule 10 applies to or interacts with other rules, and thus is still unconstitutionally vague.

Public schools are not exempt from the constitutional obligation of not having vague rules. Defendants do not every try explain away, distinguish,

2

or even reference *Stephenson*'s "gang related activities" as unconstitutionally vague, *Stephenson v. Davenport Comm. Sch. Dist.*, 110 F.3d 1303, 1310 (8th Cir. 1997), or *Smith*'s conclusion of vagueness for "verbal assault," *Smith v. Mt. Pleasant Pub. Schs.*, 285 F. Supp. 2d 987, 992-993 (E.D. Mich. 2003). To engage this analysis results in but a single required outcome—"gross misbehavior" in unquestionably vague, no matter the definitional gymnastics attempted by Defendants. The Court should rule in favor of Plaintiff.

As a final note, Defendants also make an implied assertion which violates federal law. Defendants suggest that "it is abundantly clear that Plaintiff's minor had an understanding of the gravity and serious nature of his actions, as he testified that he deleted the page as he was concerned about Mr. Schmidt's reputation." However, it must be remembered (as will be outlined in the soon to be filed brief) that HK only created the account, shared its login credentials, and singularly made the Gas Pump Post which no one has found offensive. HK did nothing more. To the extent that others then went further making other social media posts actually falls solely upon them—not on HK. Federal law is clear—"no [] *user* of an interactive computer service [like HK] shall be treated as the publisher or speaker of any information provided by another information content provider," like the other

3

two students. 47 U.S.C. § 230(c)(1). The *Stored Communications Act* expressly prohibits Defendants from ever imputing the communications of the other two boys onto HK. Their suggestion otherwise violates federal law.

**RELIEF REQUESTED**

WHEREFORE, the Court is requested to grant summary judgment as to Count II finding that "gross misconduct" as provided in Rule 10 and utilized by Defendants against HK is void-for-vagueness in violation of the First and Fourteenth Amendments. The Court is requested to reserve the issues of remedies (including inter alia actual, nominal, and/or punitive damages), and Section 1988 costs for further proceedings.

Date: May 10, 2022					RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

**MATTHEW E. GRONDA** (P73693)
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matt@matthewgronda.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: May 10, 2022

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiff